**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1392

LEONARDO SANTIAGO SARLI ROTTI; YANINA GARRASTEGUI SARLI ROTTI,

Plaintiffs - Appellants,

v.

PAMELA JO BONDI, United States Attorney General; KIKA SCOTT, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge.  (9:23-cv-02324-RMG)

Submitted:  May 15, 2025                          Decided:  May 19, 2025

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Brad Banias, BANIAS LAW, LLC, Charleston, South Carolina, for Appellants.  Brian M. Boynton, Principal Deputy Assistant Attorney General, William C. Peachey, Director, Samuel P. Go, Assistant Director, Nicole P. Grant, Senior Litigation Counsel, Aysha T. Iqbal, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yanina Garrastegui Sarli Rotti, an American citizen, and her husband, Leonardo Santiago Sarli Rotti, a native and citizen of Uruguay (hereinafter "Plaintiffs"), appeal the district court's order granting Defendants summary judgment and dismissing Plaintiffs' civil action, which was filed pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. In this context, we review de novo the district court's grant of summary judgment, employing the same standard used by the district court. *Mestanek v. Jaddou*, 93 F.4th 164, 170 (4th Cir. 2024). Pursuant to the APA, a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be [] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We are limited to determining "whether the agency conformed with controlling statutes, and whether the agency has committed a clear error of judgment." *Holly Hill Farm Corp. v. United States*, 447 F.3d 258, 263 (4th Cir. 2006) (internal quotation marks omitted). "[W]e normally will not set aside agency action as arbitrary and capricious unless the agency relies on inappropriate factors, ignores a critical issue, or reaches a decision that is flatly contradicted by the evidence or is otherwise implausible." *Ren v. U.S. Citizenship & Immigr. Servs.*, 60 F.4th 89, 93 (4th Cir. 2023). "The court is not empowered to substitute its judgment for that of the agency." *Holly Hill Farm Corp.*, 447 F.3d at 263 (internal quotation marks omitted).

Upon review of the arguments raised in Plaintiffs' appellate brief, in conjunction with the record and relevant authorities, we conclude that Plaintiffs do not satisfy this exacting standard. Specifically, we agree with the district court that the U.S. Citizenship

2

and Immigration Services' denial of Mrs. Sarli Rotti's I-130 Petition for Alien Relative benefiting Mr. Sarli Rotti, which was affirmed by the Board of Immigration Appeals, is not arbitrary, capricious, contrary to established law, or otherwise an abuse of discretion, and that the dispositive factual findings are supported by substantial evidence.* *See* 5 U.S.C. § 706(2)(A), (E).

Accordingly, we affirm the district court's order. *Sarli Rotti v. Bondi*, No. 9:23-cv-02324-RMG (D.S.C. Apr. 22, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

\* We have considered Plaintiffs' arguments to the contrary, but ultimately conclude "that USCIS had a rational basis for weighing the evidence as it did and finding that [Mr. Sarli Rotti] was subject to the marriage-fraud bar." *Mestanek*, 93 F.4th at 174 (citing 8 U.S.C. § 1154(c)).